UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON LEOPOLD, et al.,

Plaintiffs,

v.

FEDERAL HOUSING FINANCE
AGENCY, et al.,

Defendants.

Civil Action No. 25-3950 (TNM)

**OPPOSITION TO PLAINTIFFS' MOTION FOR PRODUCTION ORDER**

This is a Freedom of Information Act ("FOIA") case concerning five FOIA requests seeking records about public investigations into allegations of mortgage fraud and other records. Plaintiffs filed a complaint on November 14, 2025, and Defendants answered on December 16, 2025. Specifically, Plaintiffs' Motion to Produce concerns only the three FOIA requests sent to the Federal Housing Finance Agency (FHFA). These requests are as follows: FHFA-HQ "Emails" request, FOIA-2025-118 (*see* Compl. ¶¶ 17-23); FHFA-HQ "Fraud tips" request, FOIA-2025-125 (*see* Compl. ¶¶ 24-30); and FHFA-HQ "Communications" request, FOIA-2025-130 (*see* Compl. ¶¶ 31-37). The parties have filed two Joint Status Reports. The first JSR was filed on January 16, 2026, and the second on April 16, 2026. Two of the named federal Defendants (FHFA-OIG and the Federal Reserve Board (FRB)) have completed their responses to the FOIA requests. The FHFA HQ is processing the request.

**ARGUMENT**

**I**     <u>**Plaintiffs have Failed to Properly Confer with the Defendants**</u>

Although Plaintiffs are required to do so, they did not discuss the motion with the Defendants' counsel prior to filing.  *See* LCvR 7(m) (stating, "A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed."). The rule's purposes are "to encourage informal resolution to disputes, or at least to reduce or narrow the issues the Court will consider." *Green Oceans, et al. v. U.S. Dept. of the Interior, et al.*, 24-cv-141 (RCL) 2024 WL 1885543 *3 (April 30, 2024) (quoting *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 235 F.R.D. 521, 529 (D.D.C. 2006)). That means that the Local Rule "at least 'contemplates that counsel will speak to each other.'" *Id.*, (quoting *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 194 (D.D.C. 2003)), aff'd, 530 F.3d 980 (D.C. Cir. 2008). A party must therefore take "real steps" to confer with its opponent, such as contacting the other side's counsel "by telephone or within a reasonable period prior to filing the motion." *Green Oceans* at *3.  But just conferring is not enough: the party must also certify whether it has done so and whether the motion is opposed. LCvR 7(m).  "Therefore, when a party has failed to respect the requirements of Local Rule 7(m), the Court will exercise its discretion in selecting the remedy, bearing in mind the purposes of the rule." *Id.*, (quoting *Steele v. United States*, No. 1:14-cv-1523 (RCL), 2023 WL 6215790, at *4 (D.D.C. Sept. 25, 2023)).

Plaintiffs have not satisfied their duty to meet and confer because they did not take 'real steps' to discuss the issue with the Defendant, nor did they attempt "a good faith effort to resolve" this nondispositive dispute. *See Green Oceans* at *4 (quoting *Pogue* 235 F.R.D. at 529).  If they had done so, their concerns might have been resolved before involving the Court as FHFA commits to reviewing 500/pages per month for the two remaining FHFA-HQ FOIA requests, 2025-FOIA-

118 and 2025-FOIA-125, with the goal of providing rolling monthly productions of any non-exempt responsive documents starting no later than June 30, 2026. As for FHFA-HQ "Communications" request, FOIA-2025-130 (*see* Compl. ¶¶ 31-37), FHFA located one document responsive to Plaintiffs' request and determined that the material is releasable in its entirety. FHFA released the document on May 8, 2026. A new JSR will be filed on May 19, 2026, to update the Court further. Had Plaintiffs conferred properly as required, the ensuing discussions would have encouraged informal resolution to their dispute or at least reduced or narrowed the issues for the Court to consider. Although there was a representation that discussions would be had, no discussions were had to resolve the dispute. *See* April 16, 2026 JSR, para. 6, ECF No. 19. Plaintiffs simply announced their intention to file a motion for production. For this reason, the Court should deny Plaintiffs' motion or strike it from the record. *See, e.g., Encyclopedia Britannica, Inc. v. Dickstein Shapiro*, *LLP*, 905 F. Supp. 2d 150, 161–62 (D.D.C. 2012) (denying motion and admonishing the movant to comply with Local Rule 7(m)); *United States ex rel. K&R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006) (denying a motion to strike for failure to comply with Local Civil Rule 7(m)).

II.     **Plaintiff May Not Request Expedited Processing.**

To the extent that Plaintiffs motion may be considered as a request for expedited processing, it should be denied. The Plaintiffs have neither requested expedited processing nor demonstrated the legal standard for such relief. First, Plaintiff did not request expedited processing at the administrative level and has thus failed to exhaust any such request. In *Morales v. Sec'y, United States Dep't of State*, 220 F. Supp. 3d 1, 4-5 (D.D.C. 2017), the Court stated:

> The Court begins by noting that Plaintiffs did not request expedited processing of their FOIA request. . . seeking expedited processing is the proper administrative procedure for requesting and obtaining prioritized resolution of a FOIA request. If such processing is not

3

> sought, a FOIA request joins the same "first-in, first-out" queue as all other FOIA requests an agency receives. In this case, having failed to request such expedited processing administratively, Plaintiffs ask this Court to help them jump that queue and have their request processed before those of all of the other individuals waiting. Additionally, Plaintiffs make this ill-fated request in a Motion that fails to address any of the factors Plaintiffs must establish to warrant such preliminary injunctive relief. For these reasons, Plaintiffs' Motion will be denied.

Second, even if they had requested expedited processing administratively, under FOIA, expedited processing is available only upon a showing of "compelling need," which under FOIA "means: (I) that a failure to obtain requested records on an expedited basis under this paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or (II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v). FOIA further provides that a "demonstration of a compelling need by a person making a request for expedited processing *shall* be made by a statement certified by such person to be true and correct to the best of such person's knowledge and belief." *Id*. § 552(a)(6)(E)(vi) (emphasis added).

Plaintiffs never requested these records on an expedited basis during the administrative process and cannot bypass that process now. This alone dooms Plaintiffs' request for the Court to mandate a certain time frame for the production of records, *i.e.*, "FHFA shall complete its search for, review and production of all non-exempt records responsive to any of the requests at issue in this case by July 20, 2026." Pltfs' Motion at 3. Neither have they asserted that a failure to obtain the records on an expedited basis would pose an imminent threat to the life or physical safety of an individual or that there is an urgency to inform the public concerning Federal Government activity.

In any event the agency is making their records "promptly available," 5 U.S.C. § 552(a)(3)(A). FHFA commits to reviewing 500/pages per month for the two remaining FHFA-HQ FOIA requests, 2025-FOIA-118 and 2025-FOIA-125, with the goal of providing rolling monthly productions of any non-exempt responsive documents starting no later than June 30, 2026. As for FHFA-HQ "Communications" request, FOIA-2025-130 (*see* Compl. ¶¶ 31-37), FHFA located one document responsive to Plaintiffs' request and determined that the material is releasable in its entirety.  FHFA released the document on May 8, 2026.

Dated: May 15, 2026
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: ___*/s/ Heather Graham-Oliver*_____
    HEATHER GRAHAM-OLIVER
    DAVID S. BETTWY
    Assistant United States Attorneys
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2520

*Attorneys for the United States of America*

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON LEOPOLD, et al.,

       Plaintiffs,

    v.

FEDERAL HOUSING FINANCE
AGENCY, et al.,

       Defendants.

Civil Action No. 25-3950 (TNM)

**[Proposed] Order**

Upon consideration of Defendants' Opposition to Plaintiffs' Motion For Production, and the entire record herein, IT IS ORDERED that the Plaintiffs' Motion is DENIED.

IT IS FURTHER ORDERED that the parties continue to file Joint Status Reports regarding the status of the case.

SO ORDERED this _____ day of _____, 2026.

_____
United States District Judge