**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JASON LEOPOLD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:25-cv-3950 (TNM) |
| v. | ) | |
| | ) | |
| FEDERAL HOUSING FINANACE | ) | |
| AGENCY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PRODUCTION
ORDER**

Plaintiffs Jason Leopold and Bloomberg L.P. (collectively "Plaintiffs) moved for an entry

of an order requiring Defendant Federal Housing Finance Agency ("FHFA") to complete its

productions of non-exempt records on a set schedule.  FHFA opposes Plaintiffs' motion for three

reasons. First, FHFA argues that Plaintiffs did not comply with Local Rule 7(m), but that argument

is factually incorrect. Second, FHFA argues Plaintiffs are not entitled to expedited processing, but

that argument is a red herring. Third, FHFA claims that it is now processing the records and will

issue rolling responses, but FHFA leaves the completion of production open-ended.

**ARGUMENT**

**A.      Plaintiffs complied with Local Rule 7(m).**

FHFA argues that Plaintiffs did not comply with Local Rule 7(m) and that had Plaintiffs

waited or conferred, then FHFA would have told Plaintiffs that it will process the records at 500

pages per month.  *See* ECF No. 21 at 2-3.  Specifically, FHFA argues that Plaintiffs' statement in

the April 16, 2026 joint status report that they intend to file a motion does not constitute a

discussion under Local Rule 7(m) and that Plaintiffs did not certify whether the discussion took

place and whether it was opposed.  FHFA's argument is factually incorrect and ignores the history of the case.

Local Rule 7(m) has two requirements. One is the duty to "discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement."  LCvR 7(m).  The other is the duty to certify in the motion that this conferral took place.  *Id*.  Only the first requirement is at issue here, since Plaintiffs' motion included a Local Rule 7(m) certification in the first paragraph. ECF No. 20 at 1 ("Counsel for the parties conferred pursuant to Local Civil Rule 7(m). FHFA opposes this motion.").

Plaintiffs also satisfied the duty to confer. Following the parties' initial meet and confer on January 13, 2026, counsel for FHFA indicated that it would provide a page count for FHFA-HQ "Communications" request, FOIA-2025-130 within three weeks, and sampling for FHFA-HQ "Fraud tips" request, FOIA-2025-125.  Ex. 1.  Per the January 16, 2026 joint status report, FHFA reported that it estimated "12-15 months until the documents are reviewed and processed" for FHFA-HQ "Emails" request, FOIA-2025-118 and "15-18 months" for FOIA-2025-125 and FOIA-2025-130.  ECF No. 18.  FHFA did not provide a page count or sampling.

In the April 16, 2026 joint status report, FHFA reported that it estimates it will take "9-12 months" for FOIA-2025-118 and "4-6 months" for FOIA-2025-125 and FOIA-2025-130.  ECF No. 19.  This meant FHFA reported that the earliest it would process and review the records would be August 2026.  Plaintiffs noted their dissatisfaction with that timing in the joint status report and via email through their counsel, saying that it "appears FHFA has done nothing in this case since the last JSR." *Id.*, Ex. 2.  FHFA did not respond.  *See* Ex. 2.

Having heard nothing further from FHFA for nearly two weeks, and thus reasonably assuming that FHFA's stated production timeline was still in effect, counsel for Plaintiffs emailed counsel for FHFA pursuant to Local Rule 7(m) for FHFA's position on Plaintiffs' motion. *Id.* ("As indicated in the last JSR, we are preparing a motion for production order that orders the production of non-exempt records by July 20, 2026, and the production of non-exempt consultation/referral records by September 1, 2026. Pursuant to Local Rule 7(m), can you please let me know your client's position on the motion?"). After confirming receipt and indicating he was conferring with the agencies, counsel for FHFA stated without elaboration that "FHFA opposes the motion." *Id.* Counsel for FHFA did not indicate that FHFA had accelerated its processing of the requests and was prepared to now process records at a rate of 500 pages per month. Given that counsel for Defendants also provided a more detailed position for why Defendant Board of Governors of the Federal Reserve System ("FRB") opposes the motion and counsel for Plaintiffs responded that the motion does not pertain to FRB, Plaintiffs understood this email exchange to be a conferral under Local Rule 7(m).

Plaintiffs do not dispute that a sentence in a joint status report is not enough to comply with Local Rule 7(m). But Plaintiffs did more than that here and sought FHFA's position on the motion. Counsel for Defendants first responded that he was conferring with the agencies and then relayed their respective positions. This included stating explicitly that FHFA opposes this motion. The suggestion that Plaintiffs are relying on a statement in a joint status report to comply with Local Rule 7(m) is belied by this record.

Nor may FHFA now claim that Plaintiffs should have read the agency's mind and guessed that it had spontaneously started processing documents—despite months of representations to the contrary. FHFA claims that Plaintiffs would have learned that FHFA would release a record on

May 8, 2026, and that it would process the remaining requests at a rate of 500 pages per month, but that information stands in stark contrast to what FHFA had been reporting in the joint status reports that it would take 4-6 or 9-12 months for FHFA to review the records. FHFA knew, based on priori conferrals, that this timeline is the basis of Plaintiffs' upcoming motions and did nothing to correct it. Therefore, Plaintiffs complied with Local Rule 7(m).

**B.     FHFA Must Make Records Promptly Available**

FHFA argues that Plaintiffs did not seek expedited processing of the requests. *See* ECF No. 21 at 3-4. But that argument is a red herring. FOIA requires agencies to make records "promptly available," 5 U.S.C. § 552(a)(3)(A), an instruction the D.C. Circuit has construed to be mandatory. *Jud. Watch, Inc. v. DHS*, 895 F.3d 770, 774 (D.C. Cir. 2018) (holding that FOIA contains a "mandate that federal agencies 'shall' make requested records 'promptly available.'") (quoting 5 U.S.C. § 552(a)(3)(A)). This mandatory requirement is not limited solely to requests that seek expedited processing. Rather, for non-expedited requests agencies must produce records within "days or a few weeks of a 'determination [to produce records],' not months or years." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) (quoting 5 U.S.C. § 552(a)(6)(C)(i)). Here, Plaintiffs made their requests in August 2025. ECF No. 1. When Plaintiffs filed their motion, FHFA said the earliest it would review the records would be in August 2026, when the requests would be a year old. ECF No. 19. This timeline, which Defendants did not attempt to revise until after this motion was filed, violates FOIA's requirement to make records promptly available regardless of expedited processing.

Moreover, Plaintiffs' motion took issue with the fact that FHFA was not processing the requests at all. In order to delay processing a FOIA request, an agency must file an *Open America* stay showing exception circumstances exist. *See Open America v. Watergate Special Prosecution*

*Force*, 547 F.2d 605, 615-16 (D.C. Cir. 1976); 5 U.S.C. § 552(a)(6)(C)(i)-(ii) ("If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records[.]  [T]he term 'exceptional circumstances' does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests.").  In its opposition to this motion, FHFA does not address Plaintiffs' argument that FHFA has not sought an *Open America* stay or shown that exceptional circumstances exist.  *See* ECF No. 21

FHFA has presented no basis to justify its substantial and unreasonable delay processing the requests.  The Court should order it to complete processing on the defined timeline set forth in Plaintiffs' motion.

**C.**     **FHFA's Proposal to Process Records at a Rate of 500 Pages Per Month is Insufficient**

Finally, FHFA attempts to resolve the dispute by proposing that it process the records on a rolling basis at a rate of 500 pages per month with the first response no later than June 30, 2026. *See* ECF No. 21 at 5.  This proposal says nothing about when Defendant anticipates that it will finish processing records, so that the parties can determine if dispositive briefing on Defendants' searches and productions is necessary.  FHFA's proposal merely seeks to impose a start date ten months after Plaintiffs submitted their requests. By contrast, Plaintiffs' motion includes an end date for processing, allowing the parties to promptly and efficiently assess the possibility of dispositive briefing.  *See* ECF No. 20.  If the Court grants Plaintiffs' motion, then FHFA will have to complete processing the requests and release non-exempt records by July 20, 2026, and for any records sent for consultation or referral to another agency, FHFA must release any non-exempt records by September 1, 2026.  *Id.*  Under FHFA's proposal, it is unknown when it will complete

processing, and the proposal does not address the timing for consultations to be completed. Plaintiffs do not object to a rolling production if the Court sets an end date for both FHFA's processing and the processing of materials sent for consultation and referral.

For all these reasons, the Court should grant Plaintiffs' motion for a production order.

Dated: May 19, 2026                    Respectfully submitted,

                                       */s/ Merrick Wayne*
                                       Matthew Topic, D.C. Bar No. IL0037
                                       Merrick Wayne, D.C. Bar No. IL0058
                                       Stephen Stich Match, D.C. Bar No. MA0044
                                       LOEVY & LOEVY
                                       311 North Aberdeen, 3rd Floor
                                       Chicago, IL 60607
                                       312-243-5900
                                       foia@loevy.com

                                       *Counsel for Plaintiffs*